IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEE JOSEPH CHERNOFF,

    Plaintiff,

v.                                                                                                    CIV 17-1104 MV/JHR

THE HEART HOSPITAL BAYLOR PLANO,
WALTER SIMON M.D., and ELLEN SIMON,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

The Honorable Martha Vazquez referred this matter to the undersigned to "perform any legal analysis required to recommend to the Court an ultimate disposition of the case." *Doc. 20*; *see* 28 U.S.C. §§ 636(b)(1)(B), (b)(3); Fed. R. Civ. P. 72(b)(1). The Court has reviewed the pending Motions to Dismiss filed by Defendants and Plaintiff's failure to respond to them. *Docs. 13*, *14*, *22*, *24*. Ultimately, the Court recommends that the Motions be granted because the Court does not have personal jurisdiction over any of the Defendants. Defendants Ellen Simon and Walter Simon's Motion to Stay (*Doc. 23*) should, accordingly, be denied as moot.

**I)**     **BACKGROUND**

Plaintiff's Complaint is not a model of clarity. However, from what the Court can deduce, Plaintiff claims that Defendants Walter and Ellen Simon removed the "Victim," Plaintiff's mother, from the Defendant Hospital "resulting in the untimely Death (sic) of the 'Victim.'" *See Doc. 1* at 4. Based on these actions, Plaintiff purports to bring criminal negligence, larceny, and civil rights claims against Defendants. *Id.* at 5.

Defendants have filed Motions to Dismiss Plaintiff's Complaint for lack of personal jurisdiction and failure to state a claim. *See Docs. 13*, *14*. As Defendants point out, Plaintiff's

1

Complaint alleges that they are citizens and residents of the state of Texas, and that all of the acts Plaintiff complains of occurred in the state of Texas. As such, they claim that this Court's exercise of jurisdiction over them would offend due process. *See generally, id.* Alternatively, Defendants move to dismiss Plaintiff's civil rights claims brought under 42 U.S.C. § 1983 for failure to state a claim. Plaintiff did not respond to the instant Motions.

**II)    LEGAL STANDARDS**

Under D.N.M.LR-Civ. 7.1(b), "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." However, the Court proceeds cautiously when applying this local rule, as the Tenth Circuit has rejected a similar rule's application in the context of motions for summary judgment, *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56."), and motions to dismiss for failure to state a claim. *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) ("[W]e conclude that a district court may not grant a motion to dismiss for failure to state a claim 'merely because a party failed to file a response.'") (quoting *Reed*, 312 F.3d at 1194). Therefore, the Court has "carefully considered the merits of the motion," which attacks the Court's jurisdiction to hear this case. *See Baas v. Secretary of Veteran Affairs*, CIV 17-0132 MCA/GJF, 2017 WL 3084432 (D.N.M. 2017).

"When a defendant couples a 12(b) motion to dismiss for lack of personal jurisdiction with other issues, the court must first determine the jurisdictional issue." *Walker v. THI of New Mexico at Hobbs Ctr.*, 801 F. Supp. 2d 1128, 1140 (D.N.M. 2011) (citing *OMI Holdings, Inc. v.*

*Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir.1998)). "After all, the party over which there is no personal jurisdiction should not have to participate at all in the litigation in that forum." *Estate of Cummings v. Community Health Systems, Inc.*, No. 17-2026, --- F.3d ----, 2018 WL 577695 (10th Cir. 2018). Rather, if personal jurisdiction is lacking, "[t]he court should then dismiss the claims without prejudice on jurisdictional grounds." *Walker*, 801 F. Supp. 2d at 1141.

Defendants' Motions target this Court's personal jurisdiction over them, as contemplated by Federal Rule of Civil Procedure 12(b)(2). *See Doc. 13* at 2-4; *Doc. 14* at 2-5. "Where a defendant raises a timely challenge contesting personal jurisdiction, the plaintiff bears the burden of establishing that there is personal jurisdiction over the defendant and that the exercise of personal jurisdiction would not violate due-process requirements." *Res. Associates Grant Writing & Evaluation Services, Inc. v. Southampton Union Free Sch. Dist.*, 193 F. Supp. 3d 1200, 1219 (D.N.M. 2016) (citing *Overton v. United States*, 925 F.2d 1282, 1283 (10th Cir.1991)). "In determining whether a federal court has personal jurisdiction over a defendant, the court must determine '(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.'" *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). In the absence of a statute conferring jurisdiction, "Fed. R. Civ. P. 4(k)(1)(A) refers us to the New Mexico long-arm statute, which is coextensive with constitutional limitations imposed by the Due Process Clause." *Trujillo*, 465 F.3d at 1217 (citing *Tercero v. Roman Catholic Diocese*, 132 N.M. 312, 48 P.3d 50, 54 (N.M.2002)). "Thus, if jurisdiction is consistent with the Due Process Clause, then New Mexico's long-arm statute authorizes jurisdiction over a nonresident defendant." *Trujillo*, 465

F.3d at 1217. "The exercise of jurisdiction over a nonresident defendant comports with due process 'so long as there exist minimum contacts between the defendant and the forum State.'" *Id.* (quoting *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000), in turn quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

Personal jurisdiction can be general or specific. *See Zavala v. El Paso County Hosp. Dist.*, 143 N.M. 36, 42 (N.M. Ct. App. 2007). General personal jurisdiction may be satisfied "based on the defendant's 'continuous and systematic' general business contacts with the forum state." *Trujillo*, 465 F.3d at 1218 n.7 (citing *Helicopteros Nacionales v. Hall*, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). On the other hand,

> [t]he minimum contacts necessary for specific personal jurisdiction may be established where "the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." *In re Application to Enforce Administrative Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir.1996) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985))

*Trujillo*, 465 F.3d at 1217–18. Even assuming that sufficient minimum contacts exist, the Court must decide whether the assertion of personal jurisdiction "comports with fair play and substantial justice." *Id.* at 1221 (quoting *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1359 (10th Cir.1990)). In determining whether exercising personal jurisdiction would be reasonable in a particular case the Court looks to the following factors:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

*Trujillo*, 465 F.3d at 1221 (quoting *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1279 (10th Cir. 2005)).

**III) ANALYSIS**

Plaintiff has made no effort to show this Court how or why it has personal jurisdiction over the Defendants. Nonetheless, the Court has independently reviewed Plaintiff's Complaint, and finds that it fails to establish the requisite "minimum contacts" between the Defendants and the state of New Mexico. As Plaintiff alleges and Defendants confirm, none of them are citizens or residents of the state of New Mexico, and all actions that Defendants took with respect to the "Victim" occurred in the state of Texas. As such, exercising jurisdiction over the Defendants in this case would run afoul of due process.

**IV) CONCLUSION**

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE